IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**
NOV 1 2 2004
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| ROBERT JAMES ANDERSON, § § | |
| Petitioner, § § | |
| v. § § | 2:99-CV-0389 |
| DOUGLAS DRETKE, Director, § Texas Department of Criminal Justice, § Correctional Institutions Division, § § | **Capital Litigant** |
| Respondent. § | |

## CONCLUSIONS, FINDINGS AND RECOMMENDATION
## TO ALLOW PETITIONER TO WAIVE APPEAL

On October 27, 2004, the undersigned United States Magistrate Judge conducted a hearing in the above-referenced and numbered cause. Petitioner ROBERT JAMES ANDERSON appeared personally at the hearing and was represented by his court-appointed counsel Mr. Alexander Calhoun and Mr. Joe Marr Wilson. Assistant Attorney General of Texas Tomee Crocker, appeared on behalf of respondent.

The hearing was scheduled as a result of this case having been remanded to this Court by the United States Court of Appeals for the Fifth Circuit with instructions for this court to order psychological and/or psychiatric evaluations and make a determination of petitioner's mental competency. The remand resulted from petitioner's (appellant's) motion to the appellate court wherein counsel for petitioner advised petitioner had informed counsel of his desire to waive his appeal and set an execution date. Upon remand to this court, the matter was referred to the

undersigned on August 25, 2004.

At the beginning of the hearing, and prior to receiving testimony, the September 21, 2004 psychiatric examination and evaluation report of petitioner from Dr. Victor Scarano, M.D., J.D. was admitted into evidence as Exhibit A. Then, pursuant to *Mata v. Johnson*, 210 F.3d 324 (5th Cir. 2000), the undersigned proceeded to conduct an inquiry into petitioner's mental capacity and into the voluntariness of petitioner's decision to dismiss his current appeal and abandon further appeals with respect to his petition for writ of habeas corpus now pending in the federal appellate court. Based upon the undersigned's face-to-face questioning of petitioner, his demeanor, and the testimony he gave during the October 27, 2004 hearing, it is the opinion of the undersigned United States Magistrate Judge that petitioner has knowingly, freely, and voluntarily made the decision to dismiss his present appeal as well as abandon any further federal habeas corpus action on his behalf. Further, based upon petitioner's testimony at the hearing, as well as the psychiatric evaluation and report from Dr. Scarano, the undersigned Magistrate Judge is of the opinion petitioner is mentally competent to make this decision to forego further federal habeas corpus action by which he could seek to vacate his state conviction for capital murder and sentence of death.

In reaching the determination that petitioner is mentally competent and that his decision to dismiss his appeal has been made freely, knowingly, and voluntarily, the undersigned considered, among other things, petitioner's testimony under oath that no one had threatened, coerced or encouraged him in any manner to get him to waive his appeal, and that no one had promised him anything in return for his decision to waive further appeals. Further, the undersigned advised petitioner of the potential dangers inherent in his decision and gave

petitioner an opportunity to question the court as to the consequences of his decision. Petitioner advised the Court he was well aware of, and fully understood, that the result of his decision would be that an execution date would be set and that he would be executed by the State of Texas. In addition, petitioner was advised that not only would his presently pending federal habeas corpus appeal be dismissed, but also that he could very well be barred from instituting, in the future, any new habeas corpus proceedings in federal court because of the rules governing second or successive writs and/or by the one-year statute of limitations on federal habeas corpus matters. Petitioner stated he fully understood these consequences. Petitioner also acknowledged he understood the State of Texas would oppose any request by him to file, in the future, any actions in federal court challenging his conviction or sentence of death.

Petitioner also stated he fully understood that, as of the date of the hearing, all he needed to say was that he had changed his mind and wished to proceed with his present appeal and that he would be allowed to prosecute such appeal. Petitioner then confirmed that he understood that if he persisted in the present appeal, that he very well could be granted relief by the Fifth Circuit Court of Appeals or by the United States Supreme Court on a petition for a writ of certiorari. Petitioner stated he still wished to dismiss his appeal.

Based upon petitioner's testimony, the undersigned acknowledges petitioner reached his decision to dismiss his appeal after a religious experience. The undersigned notes, however, the information concerning such religious experience was information which petitioner provided, in full, to the psychiatrist, Dr. Scarano, during the psychiatric interview and evaluation of petitioner. Dr. Scarano did not consider this as evidence of psychotic or delusional thinking. *Psychiatric Examination/Evaluation for Competency to Terminate Further Federal Habeas Corpus*

*Proceedings*, p. 7, para. F (September 21, 2004).

Therefore, based upon the Court's direct questioning of petitioner in open court on October 27, 2004, the answers given by petitioner during such hearing, and the psychiatric evaluation and report of Dr. Scarano, it is the opinion, finding, and determination of the Magistrate Judge that petitioner ROBERT JAMES ANDERSON is mentally competent to make the decision to waive his appeal in the instant federal habeas corpus action, and that he is competent to direct his counsel to dismiss his presently pending federal habeas corpus appeal. It is the further opinion, finding, and determination of the Magistrate Judge that petitioner's decision to dismiss his present federal habeas corpus appeal and to seek, through the state courts, the setting of an execution date, is not only a decision petitioner is fully competent to make, but is also a decision which has been made by petitioner freely, knowingly, and voluntarily, and that he is fully aware of the consequences of his decision.

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner personally by certified mail, return receipt requested, and to all counsel of record by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this _12th_ day of November 2004.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).